UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JESSIE LEPPKE, | ) |
| | ) |
|     Petitioner, | ) |
| | ) |
| v. | )   Case No. CIV-22-80-G |
| | ) |
| WARDEN ABOUTANAA ELHABTI, | ) |
| | ) |
|     Respondent. | ) |

## ORDER

Petitioner Jessie Leppke, a state prisoner appearing pro se, initiated this action on January 26, 2022, seeking federal habeas corpus relief under 28 U.S.C. § 2254. In accordance with 28 U.S.C. § 636(b)(1), the matter was referred to Magistrate Judge Gary M. Purcell for initial proceedings. Now at issue is Judge Purcell's Supplemental Report and Recommendation (Doc. No. 9). On March 21, 2022, Petitioner filed a timely Objection to the Supplemental R. & R. (Doc. No. 10).

Pursuant to controlling authority, the Court reviews de novo the portions of the Supplemental R. & R. to which specific objections have been made. *See United States v. 2121 E. 30th St.*, 73 F.3d 1057, 1060 (10th Cir. 1996); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). Having conducted this de novo review, the Court finds as follows.

    I.    *The Supplemental Report and Recommendation*

Petitioner seeks habeas relief under 28 U.S.C. § 2254 from her state-court criminal convictions and sentences, arguing that pursuant to *McGirt v. Oklahoma*, 140 S. Ct. 2452 (2020), the State of Oklahoma did not have subject-matter jurisdiction to prosecute her.

*See* Pet. (Doc. No. 1) at 6-7.

As noted by Judge Purcell, a one-year period of limitation applies to any "application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). This limitations period generally runs from the date on which the state-court judgment became "final" under § 2244(d)(1)(A). *Id.* § 2244(d)(1)(A); *Preston v. Gibson*, 234 F.3d 1118, 1120 (10th Cir. 2000).

On January 30, 2013, Petitioner pled guilty to two counts of Murder in the First Degree and one count of Assault with a Dangerous Weapon in Cherokee County District Court and was sentenced to life with the possibility of parole that same day. *See* Pet. at 1; *State v. Redford*, No. CF-2012-407 (Cherokee Cnty. Dist. Ct.); *State v. Redford*, No. CF-2012-372 (Cherokee Cnty. Dist. Ct.).[1] On December 14, 2020, Petitioner filed an application for state post-conviction relief, which the state court denied. *See* Pet. at 4-5; *Redford*, No. CF-2012-407; *Redford*, No. CF-2012-372. Petitioner then appealed the state district court's denial, and the Oklahoma Court of Criminal Appeals ("OCCA") dismissed her appeal on December 13, 2021. *See Leppke v. State of Oklahoma*, PC-2021-1369 (Okla. Crim. App.).

Because Petitioner did not move to withdraw her guilty plea or otherwise seek relief within ten days of the pronouncement of the judgment and sentence, her conviction became final on or about February 9, 2013. *See* Okla. Ct. of Crim. Appeals ("OCCA") R. 1.5, 4.2(A); Okla. Stat. tit. 12, § 2006(A)(1); *Clark v. Oklahoma*, 468 F.3d 711, 713 (10th Cir.

---

[1] The state-court docket is publicly available at https://www.oscn.net (last visited Nov. 30, 2022).

2006).  Consequently, pursuant to 28 U.S.C. 2244(d)(1)(A), Petitioner's one-year statute of limitations began to run the following day and, absent any tolling, expired on or about February 10, 2014.  *See United States v. Hurst*, 322 F.3d 1256, 1260 (10th Cir. 2003).[2]

Judge Purcell therefore concluded that this habeas action was untimely filed under 28 U.S.C. § 2244(d).  *See* Suppl. R. & R. at 4.  The Supplemental R. & R. further determined that neither statutory nor equitable tolling applied, and so the claims raised in the Petition should be dismissed.  *See id.* at 9-10; *see also Kilgore v. Att'y Gen. of Colo.*, 519 F.3d 1084, 1089 (10th Cir. 2008).

## II. Petitioner's Objection

Liberally construed, Petitioner objects that she "did file her habeas [petition] within a timely period" because "[i]n Oklahoma one can never waive the issue of jurisdiction and therefore can raise it at any point after their conviction."  Pet'r's Obj. (Doc. No. 10) at 1. "Absence of jurisdiction in the convicting court is indeed a basis for federal habeas corpus relief cognizable under the due process clause."  *Yellowbear v. Wyo. Att'y Gen.*, 525 F.3d 921, 924 (10th Cir. 2008).  "As with any other habeas claim," however, § 2254 claims predicated on the convicting court's lack of jurisdiction are "subject to dismissal for untimeliness."  *Morales v. Jones*, 417 F. App'x 746, 749 (10th Cir. 2011); *accord United States v. Patrick*, 264 F. App'x 693, 695-96 (10th Cir. 2008).  Accordingly, district courts

---

[2] The Supplemental R. & R. found that Petitioner was sentenced on February 8, 2013.  *See* Suppl. R. & R. at 4.  This finding was based on the date that Petitioner's judgment and sentence was filed by the court clerk, however, rather than the date that the judgment and sentence were pronounced by the state court.  *See Redford*, No. CF-2012-407; *Redford*, No. CF-2012-372. The error did not materially affect the analysis or recommendation of the Supplemental R. & R. and is noted only for purposes of clarification.

consistently hold that § 2244(d)'s timeliness limitations apply to habeas actions seeking relief under *McGirt*. *See, e.g.*, *Jones v. Pettigrew*, No. CIV-18-633-G, 2021 WL 3854755, at *3 (W.D. Okla. Aug. 27, 2021); *Harcourt v. Dennis*, No. CIV-22-113-PRW, 2022 WL 2665957, at *6 (W.D. Okla. July 11, 2022). Petitioner's habeas action is therefore untimely under 28 U.S.C. § 2244(d)(1)(A) and must be dismissed.[3]

### III.   *Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, the Court must issue or deny a certificate of appealability ("COA") when it enters a final order adverse to a petitioner. A COA may issue only upon "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Upon consideration, the Court concludes that the requisite standard is not met in this case. Therefore, a COA is denied.

---

[3] Further, "[c]ourts in this Circuit . . . have rejected the proposition that the date of the *McGirt* decision should be used as the commencement date under [28 U.S.C.] § 2244(d)(1)(C) for habeas challenges to state-court jurisdiction." *Jones*, 2021 WL 3854755, at *3 (citing *Littlejohn v. Crow*, No. CIV-18-0477, 2021 WL 3074171, at *5 (N.D. Okla. July 20, 2021); *Sanders v. Pettigrew*, No. CIV-20-350, 2021 WL 3291792, at *5 (E.D. Okla. Aug. 2, 2021)).

CONCLUSION

Accordingly, the Supplemental Report and Recommendation (Doc. No. 9) is ADOPTED as modified herein, and the Petition for Writ of Habeas Corpus (Doc. No. 1) is DISMISSED as untimely.

It is further ORDERED that a certificate of appealability is DENIED. A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of September, 2023.

_____
CHARLES B. GOODWIN
United States District Judge